STATE OF WEST VIRGINIA

**FILED**

**November 29, 2016**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**CYNTHIA FIELD,**
**Claimant Below, Petitioner**

**vs.)   No.  15-1050**  (BOR Appeal No 2050512)
(Claim No. 2014013136)

**DAY'S MORGANTOWN HYUNDAI**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cynthia Field, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Day's Morgantown Hyundai, by Katherine H. Arritt, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated, October 7, 2015, in which the Board affirmed a May 22, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 14, 2014, denial of a request to authorize right L4-5 and L5-S1 facet blocks in preparation for radiofrequency ablation and the claim administrator's May 15, 2014, closure of the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Field worked as a senior sales associate for Day's Morgantown Hyundai. On October 16, 2013, she turned around after speaking with a customer on the car lot, caught her left foot on the curb so that her foot was half on and half off of the curb, lost her balance, and fell to her

knees injuring her back in the process. The claim was held compensable for a lumbar sprain/strain. On April 14, 2014, Joseph Maroon, M.D., requested right L4-L5 and L5-S1 facet blocks which request was denied by the claims administrator. On May 15, 2014, the claim was closed for temporary total disability benefits. Ms. Field protested both of those Orders.

Ms. Field first started receiving medical treatment for her lumbar spine in 1992 after the birth of her first child. In July of 2000, Raymond L. Hearne, M.D., treated Ms. Field for neck, mid-back, and low back pain she experienced after an automobile accident. Dr. Hearne continued to treat Ms. Field for diagnoses of cervical strain and lumbar strain. On September 9, 2000, cervical spine x-rays showed loss of normal lordotic curvature. Lumbar spine x-rays showed minimal degenerative changes with minimal osteophytosis at L5. On March 11, 2008, Ms. Field had a lumbar MRI due to suspected radiculitis. The MRI revealed levocurvature of the lumbar spine and disk bulge at the L2-L3 level with a herniation in the foraminal and extraforaminal zone on the left which appeared to be impinging on the left L2 nerve root. On April 24, 2012, Dr. Hearne wrote a letter stating he had been treating Ms. Field since July of 2000 for multiple herniated discs in the lumbar and cervical spine. He opined her condition was chronic and severe. He advised she needed to wear orthotic shoes when standing, sitting, walking or was otherwise active for more than thirty minutes.

On January 14, 2014, Ms. Field had a lumbar MRI which revealed levoscoliosis, an L1-L2 disc herniation, and spondyloarthropathy. On February 11, 2014, Dr. Maroon diagnosed Ms. Field with facet arthropathy at L5-S1 and L4-L5. He recommended the facet arthropathy be treated with facet blocks in preparation for possible radiofrequency ablation. The request was denied by the claims administrator.

Bill Hennessey, M.D., performed an independent medical evaluation on Ms. Field by a report dated April 24, 2014. Dr. Hennessey opined that Ms. Field may have sustained a right lumbar strain as the result of her work-related injury. However, he could not be certain of that due to her continued complaints of pain for over a year and a half. In Dr. Hennessey's opinion, Ms. Field had reached maximum medical improvement. He did not recommend any additional medical treatment.

In reviewing the denial of the request for the facet injection, the Office of Judges relied on the opinion of Dr. Hennessey. It noted the compensable condition was a lumbar strain/sprain. According to West Virginia Code of State Rules § 85-20 (2006), treatment for a lumbar strain/sprain should not last longer than eight weeks. Moreover, the medical evidence showed Ms. Field was diagnosed with facet arthropathy, which was not a compensable condition. Therefore, the need for facet blocks suggested the requested treatment was not for the compensable condition. The Office of Judges affirmed the denial of the authorization for facet injections.

The Office of Judges also relied on the report of Dr. Hennessey in reviewing the closure of the claim for temporary total disability benefits. The Office of Judges noted J. David Lynch, M.D., Ms. Field's treating physician, diagnosed Ms. Field with lumbar strain/sprain, lumbar radiculopathy, and facet arthritis. Dr. Lynch opined that Ms. Field had not reached maximum

medical improvement in regard to her October 16, 2013, injury and required additional treatment. The Office of Judges also determined that while Ms. Field may have continued to be disabled due to her low back condition, she failed to show that the disability was due to the compensable condition of lumbar sprain/strain. As Ms. Field failed to show she was temporarily and totally disabled due to a compensable condition, the Office of Judges determined the closure of the claim for temporary total disability benefits was proper.

The Board of Review adopted the findings of fact and conclusions of law when it affirmed the May 22, 2015, Office of Judges' Order on October 7, 2015. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Field's claim was found compensable for a lumbar sprain/strain. The duration for treatment for a lumbar sprain/strain is eight weeks. She received medical treatment and temporary total disability benefits from the date of the injury on October 16, 2013, until May 14, 2014, which was much longer than eight weeks. Her medical records show a history of lumbar spine problems for which she received regular medical treatment. The medical evidence established that the need for continued medical treatment was due to conditions that were not compensable as a result of the injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3